**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                     Case No.  13-20853 (PGH)
                                                           Chapter 11
TLFO, LLC,

      Reorganized Debtor.
_____/
TRANSUNION RISK AND
ALTERNATIVE DATA SOLUTIONS,
INC.,
      Plaintiff,

      v.                                         Adversary Pro. No. 14-01793 (PGH)

INTERACTIVE DATA, LLC,
MARLIN CAPITAL PARTNERS I,
LLC, and MICHAEL BRAUSER,

      Defendants.
_____/

**PLAINTIFF'S (1) OBJECTION TO DEFENDANT'S EX-PARTE MOTION**
**TO SHORTEN TIME FOR PLAINTIFF TO RESPOND**
**TO FIRST REQUESTS FOR PRODUCTION, AND**
**(2) MOTION FOR PROTECTIVE ORDER**

      Plaintiff TransUnion Risk and Alternative Data Solutions, Inc., ("Plaintiff" or "TRADS")

hereby objects to the ex-parte motion (the "Motion") [ECF No. 27], filed by Defendant The Best

One, Inc. ("Defendant" or "TBO"), requesting that the Court shorten the time prescribed under

the Federal Rules for Plaintiff to respond to Defendant's document requests.  In addition,

Defendant requests entry of a Protective Order freeing it of any obligation to respond to

Plaintiff's numerous, burdensome document requests until Plaintiff has answered the complaint,

the parties' counsel have been able to meet and confer regarding what discovery (if any) will be

needed, and the Court has the opportunity to resolve any dispute regarding the scope of

discovery that may persist.

- 1 -

1.      Pursuant to its Motion, Defendant asks this Court to cut more than in half—from 30 to 13 days—the time for Plaintiff to respond to 23 separate, broad document requests. Defendant filed and served that Motion late in the afternoon on Friday, January 30, at the same time as it served the document requests.  Its counsel did not consult with Plaintiff's counsel about the requests, or its request to shorten the time for Plaintiff to respond, before filing the Motion and serving the requests.  Indeed, Defendant's counsel has never contacted Plaintiff's counsel to discuss a reasonable schedule and approach for the resolution of this litigation.  Had Defendant's counsel done so, the parties might have been able to reach a sensible and mutually-satisfactory approach to this Adversary Proceeding to propose to the Court, or at least been able to narrow their disagreements.

2.      Instead, Defendant puts the cart before the horse.  The Motion assumes that massive discovery is required (and that Defendant is entitled to obtain what would plainly be privileged documents) on a wide array of topics, many of which could not conceivably have any relevance to this case.  *See, e.g.,* Request No. 1 (seeking all communications reflecting any due diligence performed by TRADS leading to its acquisition of substantially all the assets of the Debtor); No. 3 (seeking all documents reflecting a supposed trip taken by Ole Poulsen to meet with representatives of the Debtor); No. 21 (seeking all emails that discuss any aspect of the asset purchase agreement); Nos. 22-23 (seeking all drafts of the asset purchase agreement and this Court's Sale Order).  Rather, the threshold question is whether *any* discovery is needed to resolve this dispute and, if so, what the presumably narrow scope of that discovery should be.

3.      TBO has not yet answered the complaint, so TRADS cannot know for sure what factual issues TBO believes are in legitimate dispute.  But TRADS firmly believes that this Adversary Proceeding (and TRADS' accompanying motion to enforce this Court's Sale Order)

- 2 -

can be resolved as a matter of law based on the record of this Chapter 11 case, including a few simple facts that are not disputable and that have actually been decided by this Court.

4.      As this Court knows, this Adversary Proceeding concerns TBO's assertion of rights in intellectual property that this Court held—in an Order entered in December 2013 approving the sale of substantially all the assets of the Debtor to TRADS (the "Sale Order")—was the property of the Debtor sold, free and clear of all interests, to TRADS.  TBO claims to have acquired its interest in the intellectual property from a former equity holder in and employee of the Debtor, Ole Poulsen, but this Court's Sale Order expressly found that the intellectual property could be, and was, sold by the Debtor to TRADS free and clear of any purported interest of Mr. Poulsen.  Neither Mr. Poulsen nor TBO has ever sought relief from the Sale Order, which has now been on the books for some 13 months, even though the records of this Chapter 11 case show that the Debtor served the sale motion and the Sale Order on Mr. Poulsen and that he, and TBO's affiliates including one of its wholly-owned subsidiaries, have long been active participants in this Chapter 11 case.

5.      Under these circumstances, the black-letter law of *res judicata* should dispose of this litigation.  Nevertheless, Plaintiff's counsel will be prepared, after Defendant answers the complaint and sets forth whatever defenses it may proffer, to meet and confer with Defendant's counsel to discuss what discovery, if any, is required with respect to any material issues of fact in legitimate dispute and a reasonable schedule to propose to the Court for any such discovery.  The Court can then consider that issue, including any disagreement that may exist between the parties on the question, as well as any dispositive motions that may be filed, at the Pretrial Conference scheduled for March 11, 2015.   This process will preserve everyone's rights, save the parties the time and expense of unnecessary discovery, and potentially allow the Court to resolve this

- 3 -

Adversary Proceeding (and TRADS' motion to enforce the Sale Order) in an orderly and efficient manner.

WHEREFORE, the Court should deny Defendant's Motion, enter the requested Protective Order, and proceed with the Pretrial Conference on March 11 on the basis suggested.

Dated: February 2, 2015
West Palm Beach, Florida

/s/ Brian K. Gart
Brian K. Gart
BERGER SINGERMAN LLP
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Phone (954) 712-5130
Fax: (954) 523-2872

-and-

Philip D. Anker (admitted *pro hac vice*)
Douglas F. Curtis
Marc M. Allon (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Phone: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for the Plaintiff*

ActiveUS 140607083v.2