UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>TLFO, LLC,<br><br>    Reorganized Debtor.<br>_____/<br>TRANSUNION RISK AND<br>ALTERNATIVE DATA SOLUTIONS,<br>INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INTERACTIVE DATA, LLC,<br>MARLIN CAPITAL PARTNERS I,<br>LLC, MICHAEL BRAUSER AND<br>THE BEST ONE, INC.<br><br>    Defendants.<br>_____/ | Case No. 13-20853-PGH<br>Chapter 11<br><br><br><br><br><br>Adv. Pro. No. 14-01793-PGH |

**DEFENDANT, THE BEST ONE, INC.'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S (1) OBJECTION TO DEFENDANT'S EX-PARTE MOTION TO SHORTEN TIME FOR PLAINTIFF TO RESPOND TO FIRST REQUESTS FOR PRODUCTION, AND (2) MOTION FOR PROTECTIVE ORDER**

Defendant, The Best One, Inc. ("TBO" or the "Defendant") by and through its undersigned counsel, files this response in opposition to Plaintiff's (1) Objection to Defendant's Ex-Parte Motion to Shorten Time for Plaintiff to Respond to First Requests for Production and, (2) Motion for Protective Order (ECF Nos. 28 and 29) (the "Protective Motion") as follows:

    1.    Contrary to TransUnion Risk and Alternative Data Solutions, Inc. ("TRADS" or "Plaintiff") assertion, Defendant is not challenging this Court's December 2013 Order (I) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens,

1

Claims, Encumbrances and Other Interests (Other Than Assumed Liabilities), (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (ECF No. 610) (the "Sale Order").

2. It is the plaintiff, TRADS, that is seeking to broaden the contract approved by the Sale Order to include things that were not encompassed by the contract, and not intended to be encompassed by the contract.

3. TRADS' overreaching for more than it purchased is exacerbated by its attempt to avert due process in resolving these issues.

4. Plaintiff initiated this proceeding against Defendant by filing the initial Complaint on October 27, 2014 and then an Amended Complaint on January 13, 2015.

5. On January 14, 2015 this honorable Court entered its Order Setting Filing and Disclosure Requirements for Pre Trial and Trial (ECF No. 24) (the "Trial Order").

6. The Trial Order sets the pretrial in this matter for March 11, 2015.

7. The Trial Order further sets all of the pretrial deadlines required to be fulfilled prior to the pretrial conference including the discovery cutoff of March 2, 2015.

8. On January 30, 2015, the Defendant timely served its First Request for Production (the "RFP") on Plaintiff along with its Ex-Parte Motion to Shorten Time (the "Motion to Shorten") (ECF No. 27) in accordance with local Rule 9013-1(c)(7).[1]

9. The Plaintiff initiated this action and the Defendant is entitled to obtain discovery regarding any non-privileged matter that is relevant to the Plaintiff's claims and/or to prepare the Defendant's defenses in accordance with Rule 26 F.R.Civ. P(b)(1) as incorporated by Rule 7026 F.R.Civ.P.

---

[1] In the Motion to Shorten, the Defendant inadvertently set forth the discovery cutoff as February 27, 2015 (Friday) but because the deadline falls on Sunday, the actual deadline is March 2, 2015 (Monday).

10. If the discovery deadline is not shortened, the Defendant will not be able to adequately prepare its defense in this matter as Plaintiff's responses to the RFP will be on March 2, 2015, the same date as the discovery cutoff.

11. Moreover, there is nothing requiring the parties to confer prior to the service of discovery as set forth in Rule 26 F.R.Civ P(f) (requiring parties to confer no later than 21 days prior to any scheduling conference) or preventing the Defendant from seeking discovery as set forth by Rule 26(d)(1)(stating that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)) because the Trial Order expressly states that Rule 26 F.R.Civ P(d)(1) and (f) shall not apply to adversary proceedings.

12. Consequently, the Defendant was not barred from seeking discovery nor was it required to confer with the Plaintiff prior to seeking such discovery in filing its Motion as the Plaintiff seems to imply.

13. Moreover, Local Rule 9013-1(C)(7) provides the authority for a party to file an *ex parte* motion to shorten time to respond to discovery requests. There is no requirement that the movant filing such a motion certify that the movant has consulted with its opponent prior to filing the motion. *Local Rule 9013-1(C)(7).*

14. On the other hand, Local Rule 7026(F) *expressly requires that prior* to filing a motion to for protective order, the attorney for the moving *shall* confer with the attorney for the opposing party and *shall* file with the clerk at the time of filing such motion a statement certifying that the attorney has conferred with the attorney for the opposing party in a good faith effort to resolve the agreement and the issues raised and the attorneys have been unable to do so. *Local Rule 9013(F).* Counsel for Plaintiff did not file such certification nor could it have since counsel for the Plaintiff *did not* consult with counsel for the Defendant prior to filing its Protective

Motion.

15. Defendant's Motion to Shorten is sought in compliance with the Rules in good faith and for cause so as to allow Defendant to prepare for its defense prior to the discovery cut off set forth in the Trial Order.

16. Plaintiff's Protective Motion should be denied as if fails to comply with Local Rule 7026(F) and further will prevent the Defendant from seeking the discovery it is entitled to.[2]

**WHEREFORE**, the Defendant, The Best One, Inc. respectfully requests the entry of an order denying the Protective Motion and granting the Defendant's Motion to Shorten Time and for such other and further relief as this Court deems just and proper.

Dated this 4th day of February, 2015.

                                      Respectfully submitted,

                                      **RICE PUGATCH ROBINSON & SCHILLER, P.A.**
                                      *Attorneys for Defendant, The Best One, Inc.*
                                      101 Northeast Third Avenue, Suite 1800
                                      Fort Lauderdale, Florida 33301
                                      Telephone (305) 379-3121
                                      Facsimile (954) 462-4300

                                      By: /s/ Lisa M. Schiller
                                            ARTHUR HALSEY RICE
                                            Florida Bar No. 224723
                                            arice@rprslaw.com
                                            LISA M. SCHILLER
                                            Florida Bar No. 984426
                                            lschiller@rprslaw.com

                                      -and-

                                      By: /s/ Dennis Richard
                                            DENNIS RICHARD
                                            Florida Bar No: 148730

---

[2] Due to Local Rule 7026(E)(2), by virtue of Plaintiff's Protective Motion, the responses to the Defendants RFP will be automatically stayed until the Court rules on this Motion. The Plaintiff should not be entitled to obtain this relief by default when it has failed to comply with the Rule 7026(f) and has failed to show any good cause.

5

dennis@richardandrichard.com
LAUREL W. MARC-CHARLES
Florida Bar No. 319491
laurel@richardandrichard.com
MICHAEL R.TOLLEY
Florida Bar No. 002715
michael@richardandrichard.com
RICHARD AND RICHARD, P.A.
*Co-Counsel for The Best One, Inc.*
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL  33131
Telephone:  (305) 374-6688
Facsimile:  (305) 374-0384

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the Court's CM/ECF system to all parties listed below this 4th day of February, 2015.

/s/ Lisa M. Schiller
LISA M. SCHILLER

**SERVICE LIST**

**VIA CM/ECF**

Philip D. Anker on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
philip.anker@wilmerhale.com, yolande.thompson@wilmerhale.com

Robbie T Boone on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
rboone@bergersingerman.com

Brian K Gart, Esq. on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
bgart@bergersingerman.com, clamb@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Alvin S. Goldstein, Esq on behalf of Debtor TLFO, LLC
rstanley@furrcohen.com, atty_furrcohen@bluestylus.com

Arthur H Rice, Esq on behalf of Defendant Interactive Data, LLC
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant Marlin Capital Partners I, LLC
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant The Best One, Inc.
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant Michael Brauser
arice.ecf@rprslaw.com

Lisa M Schiller, Esq on behalf of Defendant The Best One, Inc.
lschiller.ecf@rprslaw.com

J:\WPDocs\5465 TLO (Michael Brauser-The Best One)\Pleadings\Response to Objection to Mtn to Shorten Time.docx