**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                    Case No.  13-20853 (PGH)
                                                          Chapter 11
TLFO, LLC,

       Reorganized Debtor.
_____/
TRANSUNION RISK AND
ALTERNATIVE DATA SOLUTIONS,
INC.,
       Plaintiff,

       v.                                          Adversary Pro. No. 14-01793 (PGH)

INTERACTIVE DATA, LLC,
MARLIN CAPITAL PARTNERS I,
LLC, MICHAEL BRAUSER, and
THE BEST ONE, INC.,

       Defendants.
_____/

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

      Plaintiff TransUnion Risk and Alternative Data Solutions, Inc., ("Plaintiff" or "TRADS")

hereby briefly responds to the opposition filed by Defendant The Best One, Inc. ("Defendant" or

"TBO") to Plaintiff's motion for a protective order.

      1.    TBO's opposition serves only to underscore why the approach suggested by

TRADS—that the parties first brief and the Court consider whether this dispute can be resolved

as a matter of law without any discovery before the parties embark on open-ended, expensive,

and potentially wholly unnecessary discovery—makes sense.   TBO says that it "is not

challenging" this Court's Order, entered on December 13, 2013, approving the sale of

substantially all of the assets of the Debtor to TRADS (ECF No. 610; the "Sale Order").

Objection ¶ 1.  Instead, TBO claims that the intellectual property at issue in the present litigation

- 1 -

(the "IP") was "not encompassed" by the Sale Order and the underlying asset purchase agreement (the "APA")—that is, that it was not among the Debtor's assets sold to TRADS.  *Id.* ¶ 2.

2.     In fact, the Sale Order is crystal clear in finding that the IP was among those assets and in approving its sale free and clear of any purported interest of Ole Poulsen, the person who TBO belatedly claims owned and sold the IP instead to it:

> [T]o the extent that Ole Poulsen holds or asserts any interests of any kind in the Bparser code converter software used or useful by the Debtor in the conduct of the Business (the "Bparser Code") or any other Business Assets, such Bparser Code and other Business Assets shall be deemed an Acquired Asset and may be sold free and clear of all such interests pursuant to Section 363(f) and/or 363(b) of the Bankruptcy Code because (among other reasons) such interests are in bona fide dispute and Ole Poulsen has been provided actual notice of and an opportunity to object to and be heard with respect to the Sale and did not timely file an objection.

Sale Order, p. 12, ¶ V.  The APA, approved by this Court, is to the same effect.  *See* APA (annexed to the Sale Order), Schedule 1.1(a)(ii).  Given the clarity of the Sale Order and the APA, it is hard to imagine that TBO is doing anything other than seeking to extract some payment or other concession from TRADS before it complies with this Court's Order.

3.     But even if TBO has a credible basis for reading the Sale Order and the APA differently, no discovery is needed to resolve what those documents say and mean (let alone the massive discovery having nothing to do with the terms of the Sale Order and the APA that TBO has propounded).  This Court can interpret its own Order, and the APA likewise speaks for itself. If TBO claims there is any ambiguity in those documents, such that parol evidence would be admissible to resolve their meaning, the Court can consider that question as a threshold matter and, if it agrees with TBO, the parties can proceed with targeted discovery.  But there is no

reason why the burdensome, unfocused discovery that TBO has propounded is required at this stage.

4.      In this regard, TBO's professed fear that TRADS is somehow seeking to deny TBO "due process" (Objection ¶ 3) is unfounded.  All TRADS is suggesting is that the parties first address the threshold legal issues before embarking on expensive fact discovery, not that either side would be denied the opportunity to take reasonable discovery if the Court is unable to resolve this dispute as a matter of law.

5.      TBO has not yet answered (or otherwise responded to) the complaint.   Once it does so—its answer (or other response) is due on February 13, 2015—the parties can confer on a reasonable and expedited schedule for the briefing of any motions for judgment on the pleadings or for summary judgment under Bankruptcy Rules 7012 and 7056.  If the party opposing any such motion believes that there are material issues of fact in genuine dispute that prevent the Court from resolving the litigation as a matter of law, it can of course so argue.  And if the Court agrees, then of course a reasonable schedule will need to be set for mutual discovery, affording both sides the opportunity to develop the record on whatever factual issues remain.

6.      Such a two-part process, with briefing first on whether judgment can be entered as a matter of law, and with any fact discovery to occur thereafter in a second stage if (but only if) it proves necessary, would benefit everyone.  If the Court ends up able to resolve this litigation as a matter of law based on the docket of the Debtor's Chapter 11 case, both sides will save time and expense.  And even if the Court ends up not able to do so, the resolution of the first phase will no doubt bring into focus whatever fact issues remain, enabling the parties to propound more targeted discovery than would otherwise be possible.

7.      Finally, counsel for the Plaintiff has met and conferred with counsel for the Defendant to discuss this proposal and its pending motion.

WHEREFORE, the Court should enter the requested Protective Order, together with an Order, organizing this litigation along the lines suggested.

Dated: February 6, 2015

/s/ Brian K. Gart
Brian K. Gart
BERGER SINGERMAN LLP
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Phone (954) 712-5130
Fax: (954) 523-2872

-and-

Philip D. Anker (admitted *pro hac vice*)
Douglas F. Curtis
Marc M. Allon (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Phone: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for the Plaintiff*

ActiveUS 140798393v.1