UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 13-20853-PGH |
| | Chapter 11 |
| TLFO, LLC, | |
|     Reorganized Debtor. | |
| _____/ | |
| TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS, INC., | Adv. Pro. No. 14-01793-PGH |
|     Plaintiff, | |
| v. | |
| INTERACTIVE DATA, LLC, MARLIN CAPITAL PARTNERS I, LLC and MICHAEL BRAUSER, | |
|     Defendants. | |
| _____/ | |

## MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Fed. R. Civ. P. 8 and 12(b)(6) and Fed. R. Bankr. P. 7008 and 7012(b), defendant, The Best One, Inc. ("TBO") moves to dismiss plaintiff's, TransUnion Risk and Alternative Data Solutions, Inc. ("TRADS"), First Amended Complaint for Declaratory Judgment (Doc. 21) (the "Complaint").

## INTRODUCTION

"Rule 8 of the Federal Rules of Civil Procedure requires that '[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing

**RICHARD AND RICHARD, P.A.**
825 Brickell Bay Drive, Seventeenth Floor, Miami, FL  33131    Telephone:  (305) 374-6688    Fax:  (305) 374-0384

that the pleader is entitled to relief,' and that '[e]ach allegation must be simple, concise, and direct.'" *McMahon v. Cleveland Clinic Foundation Police Dept.*, 455 Fed. Appx. 874, 877 (11th Cir. 2011). TRADS' complaint is the antithesis of the "short and plain statement" required by Rule 8. Indeed, while it purports to assert only a single count for declaratory judgment against a single defendant, the Complaint is a behemoth, weighing in at 26 pages, nearly 70 paragraphs, and ten footnotes. Complaint (doc. 1). As discussed below, the Complaint violates Rule 8, and should be dismissed.

Moreover, when one attempts to wade through the convoluted web of allegations and footnotes in TRADS' Complaint, it becomes clear that TRADS is seeking much more than a declaration from the Court; it is seeking a *mandatory* injunction. As set forth below, despite the prolixity of TRADS' complaint, it fails to plead the requisite elements to obtain the mandatory injunction that it seeks, and should be dismissed on that ground as well.

## ARGUMENT

**1.     TRADS' COMPLAINT VIOLATES RULE 8**

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[T]he underlying purpose of Rule 8 . . . is to [e]liminate prolixity in pleading and achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (internal quotes omitted). Where a complaint fails to comply with Rule 8, it may be dismissed. *Danois v. Bank of America, N.A.*, 2014 WL 4426274, *1 (S.D. Fla. 2014) (granting motion to dismiss the complaint

"for failure to comply with Federal Rule of Civil Procedure 8 . . . .").

Here, TRADS' Complaint is neither short, nor plain. Indeed, the Complaint is 26 pages long, consisting of nearly 70 paragraphs and ten footnotes. Complaint (Doc. 21). Much of this prolixity is due to needless repetition and the inclusion of numerous paragraphs containing legal argument and footnotes that are more akin to a legal brief than a complaint.

For example, TRADS begins its Complaint with a 17 paragraph "preliminary statement," and then proceeds to repeat many of the same allegations in the "background" portion of the Complaint, which itself consists of over 30 paragraphs. *Compare*, Complaint at ¶¶ 1-17 and ¶¶ 21-54. Such repetition fails to comply with Rule 8. *See McCants v. Rouse*, 2010 WL 4682812, *1 (N.D. Fla. 2010) (observing that complaint failed to comply with Rule 8 where it was "repetitive, conclusory, and too lengthy."); *Thomas v. American Tobacco Co.*, 173 F.R.D. 546, 547 (M.D. Ga. 1997) (dismissing complaint because "Plaintiff's complaint is in violation of Rule 8 in that it is a needlessly lengthy, verbose, and repetitious document . . . .").

Additionally, TRADS includes multiple paragraphs containing legal argument. For example, TRADS argues:

> This Court's Sale Order, which is binding upon the world, is fully dispositive of TBO's spurious claim.

Complaint, ¶ 12.

> The Sale of the IP and other Acquired Assets to TRADS free and clear of any interest cannot be undone at this late date.

*Id*. at ¶ 15.

> Thus, TBO's assertion of its interest in the IP on October 15, 2014, more than 10 months after the Closing, is completely meritless.

*Id*. at ¶ 16.

> Thus, the Defendant cannot claim to have made any *bona fide,* good faith purchase of Poulsen's alleged interests. *See* Sale Order, at p. 20, 22, & 38-39.

*Id.* at ¶ 50.

> Thus, the IP was a work made for hire that was the exclusive property of the Debtor at the time of the Sale. *See* 17 U.S. C. §§ 101 & 201(b).

*Id*. at ¶ 61.

The inclusion of this legal argument throughout the Complaint, mixed with the constant repetition of allegations, violates Rule 8 and places an undue burden on TBO in attempting to frame an answer. *See e.g. Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993) (holding that the complaint violated Rule 8 because it contained "legal argument in support of the claims. It would be unfair to allow this material to remain in the Complaint because Defendants would be compelled to weed through the verbiage and respond to the material contained therein or risk having the material deemed admitted. Retention of this material would be prejudicial to the Defendants.").

At bottom, TRADS' prolix Complaint violates multiple directives of Rule 8. It is not a "short and plain statement" showing TRADS' entitlement to relief, nor are its allegations "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Accordingly, TBO respectfully requests that the Court dismiss TRADS' complaint and direct TRADS to file an amended pleading that complies with the requirements of Rule 8. *See e.g.*

*Kleinschmidt v. Liberty Mut. Ins. Co.*, 142 F.R.D. 502, 505 (S.D. Fla. 1992) (dismissing complaint for failure to "comply with the sensible dictates of Rule 8," and directing the plaintiff to file an amended complaint "not to exceed 15 pages in length.").

**2. TRADS' COMPLAINT FAILS TO STATE A CLAIM FOR MANDATORY INJUNCTIVE RELIEF**

As noted above, buried among the allegations in TRADS' Complaint is a demand for mandatory injunctive relief. In particular, TRADS alleges that:

> [It] is entitled to injunctive relief . . . *requiring Defendant to turn over* any IP (including any codes or passwords that would enable TRADS to access such IP) in its possession, custody or control or in the possession, custody or control of any of its officers or employees, or of any persons within the Defendant's control or acting in concert with the Defendant.

Complaint, ¶ 17 (emphasis added). This demand is repeated in TRADS' prayer for relief. Complaint (Doc. 21, p. 24).

There can be no question that this requested injunctive relief is mandatory, as it would require TBO and others to take action, rather than refrain from taking action. *See FHR TB, LLC v. TB Isle Resort, LP*, 865 F.Supp. 2d 1172, 1192 (S.D. Fla. 2011) (when an "injunction would force a party to act, and not simply maintain the status quo, it becomes mandatory.").

"[A] mandatory injunction is proper where a clear legal right has been violated, irreparable harm has been threatened, and there is a lack of an adequate remedy at law." *Fernandez v. Bal Harbour Village*, 2014 WL 4824622, *5 (S.D. Fla. 2014). In *Fernandez*, the plaintiff sought a mandatory injunction requiring the defendant to return a DNA sample to the plaintiff. *Id*. The court granted the defendant's motion to dismiss the

claim for mandatory injunctive relief because the plaintiff did "not allege that he has suffered an irreparable harm for which there is no adequate remedy at law." *Id*. Similarly, in *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F.Supp. 2d 1327, 1333-34 (S.D. Fla. 2012), the court dismissed a claim "for declaratory and injunctive relief" where the plaintiffs had "not pled the elements to demonstrate a right to injunctive relief and . . . [had] not alleged the lack of an adequate remedy at law." *See also Moore v. Walter Coke, Inc.*, 2012 WL 4731255, *20 (N.D. Ala. 2012) (dismissing claim for injunctive relief where the amended complaint lacked "any allegations that the harm complained of is irreparable or that plaintiff lacks an adequate remedy at law. . . .").

Just as in the cases cited above, TRADS' Complaint is devoid of any allegation that it will suffer irreparable harm or that it does not have an adequate remedy at law. Accordingly, TRADS' Complaint should be dismissed.

Respectfully submitted,

*Attorneys for Defendants*

| | |
|---|---|
| **RICHARD AND RICHARD, P.A.**<br>825 Brickell Bay Drive<br>Tower III, Suite 1748<br>Miami, FL  33131<br>Telephone:  (305) 374-6688<br>Facsimile:  (305) 374-0384<br>DENNIS RICHARD<br>Florida Bar No:  148730<br>dennis@richardandrichard.com<br>LAUREL W. MARC-CHARLES<br>Florida Bar No.  319491<br>laurel@richardandrichard.com<br>MICHAEL R.TOLLEY<br>Florida Bar No. 002715<br>michael@richardandrichard.com | **RICE PUGATCH ROBINSON & SCHILLER, P.A.**<br>101 Northeast Third Avenue, Suite 1800<br>Fort Lauderdale, Florida 33301<br>Telephone (305) 379-3121<br>Facsimile (954) 462-4300<br><br>By: /s/ Lisa M. Schiller<br>    ARTHUR HALSEY RICE<br>    Florida Bar No. 224723<br>    arice@rprslaw.-com<br>    LISA M. SCHILLER<br>    Florida Bar. No. 984426<br>    lschiller@rprslaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the Court's CM/ECF system to all parties listed below this 13th day of February, 2015.

/s/ Lisa M. Schiller
LISA M. SCHILLER

## SERVICE LIST

**VIA CM/ECF**

Philip D. Anker on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
philip.anker@wilmerhale.com, yolande.thompson@wilmerhale.com

Robbie T Boone on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
rboone@bergersingerman.com

Brian K Gart, Esq. on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
bgart@bergersingerman.com, clamb@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Alvin S. Goldstein, Esq on behalf of Debtor TLFO, LLC
rstanley@furrcohen.com, atty_furrcohen@bluestylus.com

Arthur H Rice, Esq on behalf of Defendant Interactive Data, LLC
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant Marlin Capital Partners I, LLC
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant The Best One, Inc.
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant Michael Brauser
arice.ecf@rprslaw.com

Lisa M Schiller, Esq on behalf of Defendant The Best One, Inc.
lschiller.ecf@rprslaw.com

j:\wpdocs\5465 tlo (michael brauser-the best one)\pleadings\motion to dismiss first amended complaint for declaratory judgment.docx