UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>TLFO, LLC,<br><br>    Reorganized Debtor.<br>_____/<br>TRANSUNION RISK AND<br>ALTERNATIVE DATA SOLUTIONS,<br>INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INTERACTIVE DATA, LLC,<br>MARLIN CAPITAL PARTNERS I,<br>LLC and MICHAEL BRAUSER,<br><br>    Defendants.<br>_____/ | Case No. 13-20853-PGH<br>Chapter 11<br><br><br><br><br><br>Adv. Pro. No. 14-01793-PGH |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Fed. R. Civ. P. 8 and 12(b)(6) and Fed. R. Bankr. P. 7008 and 7012(b), Defendant, The Best One, Inc. ("TBO") submits this reply memorandum in support of its motion to dismiss Plaintiff's, TransUnion Risk and Alternative Data Solutions, Inc. ("TRADS"), *First Amended Complaint for Declaratory Judgment* [ECF No. 21] (the "*Complaint*").

### INTRODUCTION

Putting aside the irrelevant factual and legal arguments that have no legitimate purpose other than to poison the well, the bottom line is simple. The *Complaint* does a poor job accomplishing its basic mission, and *Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss First Amended Complaint for Declaratory Judgment* [ECF No. 52] (the

"*Memorandum*") completely confuses the matter. (See, *Memorandum*, footnote 4, p. 8). Similarly, TRADS' attempt to salvage its claim for a mandatory injunction by relying on a portion of the Declaratory Judgment Act that is wholly inapplicable to this case is equally without merit. At bottom, TRADS' *Complaint* should be dismissed.

1. **TRADS' COMPLAINT FAILS TO COMPLY WITH RULE 8**

The *Complaint* contains a single Count that is labeled "Declaratory Judgment" after nineteen pages of "Preliminary Statement," "Background" and "The Existence of an 'Actual Controversy' Between TRADS and TBO." Count I, set forth in paragraphs 59 through 69 on pages 20 through 22, contains nine paragraphs which do not contain a single allegation of fact, but rather direct the Court as to what it is that TRADS would like the Court to declare. The *Complaint* then contains a separate "Prayer for Relief" which includes a mandatory injunction. Footnote 4 of the *Memorandum* contains a statement that the injunctive relief is part of TRADS' claim for copyright infringement being brought under Title 17 of the United States Code. So, TRADS' contention that "TBO has full notice of the claims brought against it" is supported by neither the *Complaint* nor the *Memorandum*.

TRADS' *Complaint* is like a chameleon, changing as necessary from a single count declaratory judgment action, to an action for mandatory injunctive relief, and now a purported claim for copyright infringement. This "moving target" approach to pleading is in direct violation of Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, the *Complaint* should be dismissed.

2. **TRADS HAS FAILED TO PLEAD ENTITLEMENT TO THE INJUNCTIVE RELIEF IT SEEKS**

TRADS'attempts to distinguish a so-called "independent injunction" from whatever type it is seeking, apparently some sort of hybrid declaration injunction (but maybe a copyright

infringement injunction) coupled with a violation of the Sale Order injunction, makes it difficult, at best, to defend this action. First, TRADS argues that it is not in fact seeking injunctive relief. Response, p. 8. It is respectfully submitted that TRADS' allegation in its *Complaint* that "it is entitled to injunctive relief . . ." shows otherwise. *Complaint*, ¶ 17 and *Complaint*, Prayer for Relief, section (c).

Second, TRADS cites to 28 U.S.C. § 2202 and argues that *if* it obtains a declaratory judgment, then this Court could grant TRADS injunctive relief. Response, p. 9. This argument is inapposite. TRADS has not obtained a declaratory judgment from this Court, and even if it does, the statute provides that any further relief that is based on a declaratory judgment requires notice and a separate hearing. *See* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing . . . ."). Prior and at any such hearing, TRADS would be required to plead and prove additional facts entitling it to injunctive relief, such as irreparable harm. Indeed, TRADS' own cases recognize this fact. *See e.g. Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1002 (10th Cir. 1993) ("Any additional facts that may be necessary to support the award of further relief can be proved on the hearing provided for by [28 U.S.C. § 2202]." Thus, nothing that TRADS cites in its Response supports the argument that it need not plead and prove irreparable harm or an inadequate legal remedy to obtain injunctive relief. Since TRADS has failed to plead either of these requirements, its claim for injunctive relief should be dismissed.

Moreover, the homogenization of a declaratory action, a copyright claim, a claim for violation of the Sale Order and the contention that each supports "dependent" injunctive relief is supported by neither law nor logic.

## CONCLUSION

TRADS' *Complaint* should be dismissed.

Respectfully submitted,

*Attorneys for Defendants*

| | |
|---|---|
| **RICHARD AND RICHARD, P.A.** | **RICE PUGATCH ROBINSON & SCHILLER, P.A.** |
| 825 Brickell Bay Drive | 101 Northeast Third Avenue, Suite 1800 |
| Tower III, Suite 1748 | Fort Lauderdale, Florida 33301 |
| Miami, FL 33131 | Telephone (305) 379-3121 |
| Telephone: (305) 374-6688 | Facsimile (954) 462-4300 |
| Facsimile: (305) 374-0384 | |
| DENNIS RICHARD | By: /s/ Arthur Halsey Rice |
| Florida Bar No: 148730 | ARTHUR HALSEY RICE |
| dennis@richardandrichard.com | Florida Bar No. 224723 |
| LAUREL W. MARC-CHARLES | arice@rprslaw.-com |
| Florida Bar No. 319491 | |
| laurel@richardandrichard.com | |
| MICHAEL R.TOLLEY | |
| Florida Bar No. 002715 | |
| michael@richardandrichard.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF to all parties listed below this 10th day of March, 2015.

/s/ Arthur Halsey Rice
ARTHUR HALSEY RICE

## SERVICE LIST

**VIA CM/ECF**

Philip D. Anker on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
philip.anker@wilmerhale.com, yolande.thompson@wilmerhale.com

Robbie T Boone on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
rboone@bergersingerman.com

4

Brian K Gart, Esq. on behalf of Plaintiff TransUnion Risk and Alternative Data Solutions, Inc.
bgart@bergersingerman.com,
clamb@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Alvin S. Goldstein, Esq on behalf of Interested Party TLFO, LLC
rstanley@furrcohen.com, atty_furrcohen@bluestylus.com

Arthur H Rice, Esq on behalf of Defendant Interactive Data, LLC
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant Marlin Capital Partners I, LLC
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant The Best One, Inc.
arice.ecf@rprslaw.com

Arthur H Rice, Esq on behalf of Defendant Michael Brauser
arice.ecf@rprslaw.com

Lisa M Schiller, Esq on behalf of Defendant The Best One, Inc.
lschiller.ecf@rprslaw.com

j:\wpdocs\5465 tlo (michael brauser-the best one)\pleadings\reply in support of motion to dismiss (clean v3).docx